EUGENE A. RUDIGER and JOHN M. RUDIGER, Respondents, v. JAMES S. COLEMAN and Others, Appellants.— Order denying defendants' motion to confirm, and granting plaintiffs' motion to set aside referee's report, reversed upon the law and facts, without costs, and referee's report corrected and modified so as to surcharge defendants' account as stated by the referee with 2,300 cubic feet of granite donated by defendants to Guardian Building of Peekskill at fifty-five cents per cubic foot, $1,265, and by striking out from said account the credit allowed defendants of the expense and labor of defendants in quarrying out and piling on the lands in controversy 16,000 cubic yards of stone and granite at a cost of $1.30 per cubic yard, $20,800, and by allowing to plaintiffs interest on the items of receipts, and to defendants on the items of disbursements from their respective dates; and as so modified confirmed; and final judgment unanimously directed in accordance with said report as so modified and confirmed, without

costs. We find as follows: (1) That the findings of the referee as to the value of the stone was justified under the facts and circumstances shown. (2) That defendants were under no obligation to cultivate the arable land. (3) That defendants are not chargeable with the value of the plant, buildings and structures removed or destroyed as they were defendants' property. (4) That defendants were not justified in making a gift of stone to the Peekskill Catholic church for the Guardian Building. (5) That defendants are not entitled to a lien or credit for the expense and labor of quarrying out and piling stone, as this was done as an incident to the production of stone used by them in the dam, and also occurred prior to October, 1906, and is not a subject of this accounting. (6) That the referee properly allowed defendants their expenses in the care and management of the property as the order provides that the defendants should account for the profits realized, and such profits can only be determined after deducting proper expenses. (7) That plaintiffs are entitled to interest on the items of receipts, and defendants to interest on the items of disbursements from their respective dates. Present — Blackmar, P. J., Rich, Jaycox, Manning and Young, JJ. Settle order on notice.